IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Stevan Simms,

        Plaintiff,

v.                                              Case No. 1:22-cv-3205-MLB

Verizon Connect Fleet USA LLC,

        Defendant.

_____/

## ORDER

The Court **DENIES** the parties' Joint Motion for Settlement (Dkt. 22) **WITHOUT PREJUDICE**. The proposed settlement agreement contains a broad disparagement clause that effectively operates as a confidentiality clause. The Court does not accept confidentiality clauses in FLSA settlements. *See Singh v. Petersendean Roofing & Solar Sys., Inc.*, 2018 WL 3219410, at *1 (M.D. Fla. July 2, 2018) ("Courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions.") The Court would accept the settlement agreement with its proposed revisions, attached to this order, or alternative revisions by the parties that address the Court's concern.

**SO ORDERED** this 24th day of March, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

## **SETTLEMENT AGREEMENT AND RELEASE**

The parties (hereinafter "Parties") to this Settlement Agreement and Release (hereinafter referred to as the "Agreement") are Stevan Simms ("Simms") and Verizon Connect Fleet USA LLC ("Verizon Connect").

In consideration of the mutual promises contained in the Agreement, and other good and sufficient consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to all of the following terms:

1. **Dismissal of Civil Action With Prejudice**: By executing this Agreement, Simms instructs Simms' attorneys, Mitchell L. Feldman and Jason Quintus of Feldman Legal Group ("Simms' Attorneys") to take all steps necessary to obtain the dismissal with prejudice of *Simms v. Verizon Connect Fleet USA LLC*, Case No. 1:22-CV-03205 (the "Lawsuit"). As such, upon the execution of this Agreement, the Parties shall present to the Court all appropriate papers, including the Joint Motion for Court Approval and proposed Order of Dismissal with Prejudice in the forms attached hereto as Exhibit 1 and Exhibit 2, respectively. Simms waives any and all rights to seek reinstatement of the Lawsuit.

2. **Payment**: Within Thirty (30) days of the Effective Date as defined in Paragraph 9, Verizon Connect will pay to Simms and Simms' Attorneys the total amount of $11,000 as follows: (1) a check in the amount of $3,000, less applicable taxes and withholdings, including employer required payroll taxes, payable to Simms, which will be designated as alleged unpaid overtime wages; (2) a check in the amount of $3,000 without any withholdings, payable to Simms, designated as liquidated damages and interest; (3) a check in the amount of $5,000, without any withholdings, payable to Feldman Legal Group as litigation costs and reasonable attorneys' fees.

Verizon Connect will issue an IRS Form W-2 to Simms for the payment designated as alleged unpaid overtime wages; an IRS Form 1099 to Simms for the payment designated as liquidated damages and interest; and an IRS Form 1099 to Simms for the attorneys' fees and costs portion of this settlement. Verizon Connect will issue IRS Form 1099 to Feldman Legal Group for the attorneys' fees and costs portion of this settlement.

Simms acknowledges and agrees that the consideration to be provided to him pursuant to this Section represents monies to which he is not already entitled and that the consideration set forth herein serves as adequate consideration for his commitments in this Agreement.

In the event that it is subsequently determined by any taxing authority that Simms owes any additional taxes with respect to any money distributed under this Agreement, the determination of any tax liability is between Simms and the taxing authority and Verizon Connect will not be responsible for the payment of such taxes, including any interest and/or penalties. Simms hereby acknowledges that he has not relied on any statements or representations by Verizon Connect or its attorneys with respect to the tax treatment of the payments described in this Section and that Simms is responsible for all tax payments required under the law. Simms will indemnify and hold harmless Verizon Connect and the Released Parties (as defined herein) from any and all losses, costs, expenses, interest, payments, or

penalties incurred by it as a result of not making certain deductions from the payments set forth above in the event said payments should later be deemed taxable to Verizon Connect.

3. **Release**:  As a material inducement to Verizon Connect to enter into this Agreement, Simms hereby irrevocably and unconditionally releases, acquits, and forever discharges Verizon Connect and all of its parents and/or subsidiaries, as well as all of its or their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that could have been named as a defendant in the Lawsuit ("Released Parties"), from all claims for unpaid wages under state law or the FLSA related to his work or services.

4. **Release of Attorneys' Fees and Costs:**  In addition, Simms hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that he may have against the Released Parties for attorneys' fees and costs arising out of the Lawsuit, and agrees that the payments to Simms' Attorneys set forth in Paragraph 2 of this Agreement will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with Simms' Attorneys' representation of Simms in the Lawsuit.

5. **No Admission of Liability**:  Simms acknowledges and agrees that the Released Parties, by providing the consideration described above and by entering into this Agreement, do not admit and have not admitted to any unlawful conduct or liability to Simms, his heirs, executors, administrators, assigns, agents, or other representatives, or any other party.

6. **Non-Cooperation With Third Parties; Non-Disparagement**:  As an inducement for Verizon Connect to enter into this Agreement, and as a material condition thereof, Simms shall not ~~(i)~~ engage in any conduct, verbal or otherwise (including postings on the internet and/or on any social media outlet, such as Twitter and Facebook) that could disparage or damage the reputation, goodwill, or standing in the community of Verizon Connect or any of the other Released Parties.~~; (ii) assist or cooperate with any third party in any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against the Released Parties without an order or subpoena issued by a court of competent jurisdiction; and (iii) encourage any other parties or attorneys to commence a claim or proceeding against the Released Parties.~~  PROVIDED, however, that nothing in this Agreement shall preclude Simms (i) from discussing the existence of the Lawsuit, his claims against any released party, or the contents of any publicly available filings in the Lawsuit, including the terms of this Agreement, or (ii) from filing a charge, participating, or cooperating with any governmental investigation or other proceeding by the Equal Employment Opportunity Commission or any other government agency.

If Verizon Connect is contacted by a potential new employer regarding Simms' employment, The Work Number, a third-party provider, will provide solely a neutral reference informing the new employer of the dates of Simms' employment and his job title.

7. **No Other Claims and/or No Participation in Other Actions**:  Simms represents that, other than the Lawsuit, he has not filed any complaints, charges, or lawsuits against the

2

Released Parties or any of them with any governmental agency or any court and that Simms is not a participant in any such complaints, charges or lawsuits.

8.  **Knowing and Voluntary Execution**: Simms hereby represents and warrants that, prior to executing this Agreement, he has been advised to consult with counsel; he has had a reasonable opportunity to consider the terms of the Agreement; he has fully discussed its meaning and effect with his attorney; his attorney has explained to him and he fully understands the meaning and effect of each of the provisions of this Agreement; and he has entered into this Agreement voluntarily.

9.  **Effective Date**: This Agreement shall become effective and enforceable on the "Effective Date," which is the day after all of the following occur: (1) Simms executes this Agreement and returns it to counsel for Verizon Connect; (2) Verizon Connect receives the most current federal Form W-9 signed and properly completed from Simms; (3) Verizon Connect receives the most current federal Form W-9 signed and properly completed from Feldman Legal Group, to include its Taxpayer Identification Number; and (4) the Parties submit their Joint Motion for Court Approval, and the Court approves this Agreement by entering an Order of Approval and Dismissal with Prejudice in substantially the same form attached hereto as Exhibit 2.

10.  **Controlling Law**: This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia to the extent that Federal law does not govern. Simms understands that any action to enforce or interpret this Agreement shall be brought only in a court of competent jurisdiction of the State of Georgia.

11.  **No Representations**: Simms represents and acknowledges that, in executing this Agreement, Simms has not relied upon any representation or statement not set forth herein made by Verizon Connect or any Released Parties or any of its or their agents, representatives, or attorneys.

12.  **No Waiver:** The failure of any party to this Agreement to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of such party's right thereafter to enforce each and every term and condition of this Agreement.

13.  **No Assignment of Claims**: Simms hereby represents and warrants that he has not previously assigned or purported to assign or transfer to any person or entity any of the claims or causes of action herein released.

14.  **Severability**. Should any provision of this Agreement, except the release of claims as set forth in Paragraphs 3 and 4, be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be part of this Agreement.

15.  **Counterparts**. This Agreement may be executed in one (1) or more counterparts, each of which shall be deemed to be a duplicate original, and all of which, taken together, shall

constitute a single instrument. Facsimile or electronic copies shall have the same force and effect as original signed versions of this Agreement.

16. **Entire Agreement**: This Agreement, along with the Joint Motion for Court Approval and Order of Approval and Dismissal With Prejudice attached hereto as Exhibit 1 and Exhibit 2, respectively, embodies the complete agreement and understanding between Verizon Connect and Simms with respect to the subject matter hereof and supersedes and preempts any prior understandings, agreements or representations by or between Verizon Connect and Simms, written or oral, regarding the subject matter hereof. The terms of this Agreement may not be modified or waived except in writing signed by both of the Parties hereto.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, in counterpart originals or otherwise, as of the dates set forth below.

EXECUTED this 2nd day of February 2023.

*Stevan Simms*
Stevan Simms (Feb 2, 2023 13:31 EST)
STEVAN SIMMS

EXECUTED this 8 day of February 2023.

VERIZON CONNECT USA LLC

By: *Katherine L Hoekman*

Its: AGC

4

# Stevan Simms signed settlement agreement

Final Audit Report                                    2023-02-08

| | |
|---|---|
| Created: | 2023-02-08 |
| By: | Alice Burke (alice.burke@verizon.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAluRKyWvzzr73sQQxAJm7HGJkkn2pjeXr |

## "Stevan Simms signed settlement agreement" History

- Document created by Alice Burke (alice.burke@verizon.com)
  2023-02-08 - 2:06:23 PM GMT- IP address: 162.115.44.102

- Document emailed to katherine.hoekman@verizon.com for signature
  2023-02-08 - 2:07:49 PM GMT

- Email viewed by katherine.hoekman@verizon.com
  2023-02-08 - 2:49:37 PM GMT- IP address: 66.249.83.42

- Signer katherine.hoekman@verizon.com entered name at signing as Katherine L Hoekman
  2023-02-08 - 4:18:35 PM GMT- IP address: 198.23.5.35

- Document e-signed by Katherine L Hoekman (katherine.hoekman@verizon.com)
  Signature Date: 2023-02-08 - 4:18:37 PM GMT - Time Source: server- IP address: 198.23.5.35

- Agreement completed.
  2023-02-08 - 4:18:37 PM GMT

